**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **TIFFANY SMITH** )<br>**Parent and next friend of K.S., a minor** )<br>**and K.S. individually** )<br>**2515 13th Street NW, Apt. 213** )<br>**Washington, DC 20009** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>**v.** )<br>)<br>**DISTRICT OF COLUMBIA** )<br>**A Municipal Corporation** )<br>**One Judiciary Square** )<br>**441 Fourth Street, NW** )<br>**Washington, D.C. 20001** )<br>)<br>**to serve:** )<br>)<br>**MURIEL BOWSER, Mayor** )<br>**District of Columbia** )<br>**441 4th Street, N. W., 6th Fl** )<br>**Washington, D.C. 20004** )<br>)<br>**KARL A. RACINE** )<br>**Attorney General** )<br>**441 4th Street, N. W., 6th Fl** )<br>**Washington, D.C. 20004** )<br>)<br>)<br>**Defendant.** ) | Civ. A. No: |

## COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTIVE AND OTHER RELIEF

COMES NOW, the Plaintiffs Tiffany Smith and her minor child K.S., by and through counsel, James E. Brown & Associates, P.L.L.C., and respectfully unto this Honorable Court state as follows:

1

## INTRODUCTION

1. This is a claim for injunctive and declaratory relief brought under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 et seq. ("IDEA"). The Plaintiff seeks a judgment 1) declaring that the District of Columbia Public Schools ("DCPS") violated the IDEA, and D.C. Code §38-2571.03(5)(A) and denied K.S. a free appropriate public education ("FAPE"), 2) Ordering the Defendant to permit Ms. Smith's designee to observe K.S. in his current educational placement

2. Specifically, Ms. Glass asserts that K.S. was denied a FAPE when the Defendant refused to comply with the provisions of D.C. Code §38-2571.03(5)(A).

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to:

    a. The Individuals with Disabilities Educational Improvement Act, 20 U.S.C. § § 1400-1461 ("IDEIA"), and pendent jurisdiction pursuant to D.C. Mun. Regs. Title 5 § § 3000.1 – 3701.3 (2003);

    b. Declaratory Relief is authorized by 28 U.S.C. § § 2201 and 2202.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

5. On January 21, 2020[1] the Plaintiffs participated in an administrative hearing of the claims made in this Complaint conducted by the District of Columbia Office of the State Superintendent of Education ("OSSE") Office of Dispute Resolution. In an order dated February 4, 2020, the Hearing Officer found against the Plaintiffs on the issues asserted in this Complaint and denied her the relief requested.  See Exhibit 2.

## PARTIES

---

[1] The HOD is incorrectly dated January 21, 2019.

6. Plaintiff Tiffany Smith is the parent of her minor child, K.S., a student who has been deemed eligible to receive special education and related services from the District of Columbia Public Schools ("DCPS").

7. Plaintiff K.S. is a minor child who has been deemed eligible to receive special education and related services from DCPS.

8. Plaintiffs, at all times relevant to this action, have been residents of the District of Columbia.

9. That Defendant is a municipal corporation that receives federal funds pursuant to the IDEA, *see* 20 U.S.C. § 1411, in exchange for providing a free and appropriate public education ("FAPE"), and is obliged to comply with the applicable federal regulations and statutes, including but not limited, to IDEIA. *See also* § 1412(a)(1)(A).

**FACTUAL BACKGROUND**

10. K.S. is a thirteen (13) year old student who resides with his parent, Tiffany Smith, in the District of Columbia; most recently, K.S. and attended St. Coletta Public Charter School ("St. Coletta") and was in the seventh grade. He has attended St. Coletta since 2014.

11. K.S. is identified as a student with an intellectual disability and an other health impairment; his last evaluation reflected a full-scale IQ of 52.

12. On November 6, 2019, Ms. Smith requested to have her educational advocate Ms. Elizabeth Schroeder observe K.S. in his classroom. Ms. Smith requested this observation under D.C. Code §38-2571.03(5)(A) in order that she could address concerns she had about K.S. performance in the classroom and so that she could more meaningfully participate in the development of his IEP.

3

13. Two days after this request, on November 8, 2019, the Defendant rejected Ms. Smith's request for Ms. Schroeder to observe K.S. stating, without further rationale, that the denial was "pursuant to DC law."

14. On November 21, 2019, Ms. Smith filed the underlying action.

15. At a hearing on this matter, Ms. Smith testified to her concerns about K.S.'s education, saying "[K.S.] cannot read. [K.S.] cannot write. [K.S.] can't even tie his own shoes. I have expressed my concerns ever since the first year he started at St. Coletta. Every time we had a IEP meeting,"

16. She further explained that she wanted Ms. Schroeder to observe K.S. because her expertise in special education and because she understood K.S.'s needs.

17. Ms. Schroeder holds a master's in special education from Vanderbilt University and a bachelor's degree in psychology from the University of North Carolina at Chapel Hill. She is certified to teach PreK-12th grade in Tennessee and the District of Columbia.

18. Following hearing in this matter, the Hearing Officer issued a Hearing Officer determination ("HOD") denying Ms. Smith her requested evaluation.

19. This HOD denied Ms. Smith her requested observation, because she did not express specific concerns about K.S.'s education prior to the request and because Ms. Schroeder is an employee of Brown & Associates, a law firm which engages in litigation against the Defendant.

20. Neither of these reasons has any basis in law and Ms. Smith now brings this action, seeking to have the Hearing Officer's order set aside.

## COUNT I
**(Failure to Permit Ms. Smith's designee to observe K.S.)**

21. Plaintiffs reincorporate paragraphs 1-20

4

22. Under D.C. Code §38-2571.03(5)(A) the Defendant must provide access to observe K.S.'s current or proposed educational placement to both Ms. Smith and her designee who has professional expertise in the area being observed.

23. Ms. Smith made such a request to have Ms. Schroeder observe K.S., but her request was denied.

24. As a certified special educator with a master's degree in special education, Ms. Schroeder has the requisite expertise to observe K.S. in his current educational placement.

25. A designee may not observe if he or she is "representing the parent's child in litigation related to the provision of free and appropriate public education for that child" or "has a financial interest in the outcome of such litigation." D.C. Code §38-2571.03(5)(A)(ii)

26. Courts have consistently held that "litigation related to the provision of free and appropriate education" means current litigation, not potential future litigation. *See Woodson v. District of Columbia¸* Civil Action No.: 18-1824 (Report and Recommendations dated July 15, 2019) (adopted July 30, 2019), *Middleton v. District of Columbia*, 312 F.Supp.3d 113, 147 (D.D.C. 2018).

27. The only other restrictions the Defendant may place under the law are to ensure student safety, prevent disruption, and to protect confidential information. D.C. Code §38-2571.03(5)(D).

28. Nothing in DC law requires a parent to express specific concerns about the student in order to secure an observation.

29. Nothing in DC law permits an LEA to deny an observation because the observer is an employee of a law firm representing the parent, where there is no pending litigation concerning the student's right to a free appropriate public education.

30. The Hearing Officer's holding that Ms. Smith was not entitled to an observation, because Ms. Schroeder was an employee of Brown & Associates and because she did not express specific concerns about K.S.'s educational program is contrary to the law and should be set aside.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests that this Court:

1) Reverse the February 4, 2020, HOD and find that K.S. was denied FAPE on each of the alleged issues.

2) Order the Defendant to permit Ms. Schroeder to observe K.S. in his current educational setting,

3) Award the Plaintiff attorneys' fees and costs for this action;

4) Award any other relief the Court deems appropriate.

**Respectfully submitted,**

_____/s/_____
ROBERT W. JONES, Bar No. DC997776
Associate Attorney
James E. Brown & Associates, PLLC
1220 L Street, 7th Floor
Washington, D.C. 20005
(202) 742-2000 (voice)
(202) 742-2098 (fax)
**Attorneys for Plaintiffs**